UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Favian Hayes, | ) | C/A No. 4:09-3324-CMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Simon Major, Director of SLRDC; | ) | |
| Ofc. Dixon; | ) | |
| Ofc. Gardner, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————————————— | ) | |

## I.  PROCEDURAL BACKGROUND

The Plaintiff, Favian Hayes ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on December 28,

2009, alleging violations of his constitutional rights in that Defendants were deliberately indifferent to his

constitutional rights by failing to protect him from a fight with another detainee.  On October 26, 2010,

Plaintiff filed an amended complaint alleging Defendants were grossly negligent in failing to properly

supervise and monitor the inmates at Sumter-Lee Regional Detention Center ("SLRDC"), in using inmates

to snitch on other inmates, engaging in a conspiracy to cause him harm, and are liable for assault and

battery. Plaintiff is currently incarcerated at McCormick Correctional Institution. At the time of the

allegations raised in the complaint, Plaintiff was housed at the SLRDC. Defendants filed a motion for

summary judgment on December 10, 2010, along with a memorandum and exhibits in support of said

motion. (Document #67). Because Plaintiff is proceeding pro se, he was advised on or about December 29,

2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

Defendants' motion for summary judgment could result in the dismissal of his complaint. The Plaintiff has not filed a response to the motion for summary judgment.[2]

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

    (1)   the degree of Plaintiff's responsibility in failing to respond;

    (2)   the amount of prejudice to the Defendant;

    (3)   the history of the Plaintiff in proceeding in a dilatory manner; and,

    (4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion for summary judgment, or the court's orders requiring him to respond. The undersigned concludes the Plaintiff has abandoned his lawsuit as to these Defendants. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, the undersigned will address Defendants' motion for summary judgment as to the exhaustion issue.

---

[2] In an order filed February 9, 2011, denying Plaintiff's motion to compel, the court again noted the outstanding motion for summary judgment and that the action may be dismissed for failure to respond. (Doc. #73).

## II.  DISCUSSION

### A.  ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

In the amended complaint, Plaintiff alleges gross negligence, gross negligence supervision, civil conspiracy, and assault and battery after being assaulted by another inmate. (Doc. 60, p. 2).

### B.  STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and have moved for summary judgment on that basis as well as on the merits of the allegations.

Defendants submitted the affidavit of Oliver Wiley ("Wiley") who attests he is employed as Captain by the Sumter-Lee Regional Detention Center (SLRDC). (Wiley affidavit, Doc. #67-2). At the time of the allegations in the complaint, Wiley was responsible for reviewing disciplinary charges and holding hearings dealing with those charges, and reviewing how long inmates were in lockup. (Id.). Wiley attests that Plaintiff was a constant problem since he arrived at the SLRDC, due to numerous sexual offenses resulting in Plaintiff being housed in lockup on numerous occasions due to the security threat he posed to female officers and medical staff. (Id.). Plaintiff continued to have disciplinary actions while he was in lock-up. (Id.). Wiley asserts that he reviewed Plaintiff's grievance file and there is no grievance related to this

4

incident in his file.  Inmates are required to file a grievance related to an incident within two weeks of the incident. (Id.). Wiley attests that Plaintiff is well aware of the grievance system having filed numerous grievances during his time at SLRDC. (Id.).  Further, Wiley attests that after the incident between Plaintiff and inmate Jackson, both inmates signed a statement stating that they did not wish to press charges against the other inmate for the fight that occurred on February 6, 2009, and attached a copy of the statement as Exhibit B. (Id.).Wiley further attached copies of other grievances filed by Plaintiff even though they did not contain allegations based on this incident.

As previously stated, Plaintiff did not file a response to the motion for summary judgment. Further, Plaintiff completed the complaint form stating that he filed a grievance but never received a response. However, Plaintiff did not attach a copy of said grievance.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit.  The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a).  Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process within the SCDC.  The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001);  see Porter v. Nussle, 534 U.S. 516 (2002);  Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718  (7th Cir.  2001)(exhaustion required even though Plaintiff claimed he was afraid); see also Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to Plaintiff). A failure to exhaust all levels of

administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Based on the evidence presented, it is recommended that Defendants' motion for summary judgment (doc. #67) be granted for failure to exhaust administrative remedies. As it is recommended that the complaint be dismissed for failure to prosecute and failure to exhaust the administrative remedies, the merits will not be addressed.

### III.  CONCLUSION

Based on the above reasoning, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

In the alternative, it is recommended that Defendants' motion for summary judgment (document #67) be GRANTED for failure to exhaust administrative remedies and this claim dismissed.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 21, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**